RECEIVED
07 JAN 23 PM 1:10
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 06-158 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DENNIS EUGENE KIMBALL, ) | PLEA AGREEMENT |
| ) | |
| Defendant. ) | |

IT IS HEREBY AGREED by and between the plaintiff, the United States of America, and the Defendant, DENNIS EUGENE KIMBALL (hereinafter "Defendant"), and respective counsel, as follows:

## A. CHARGES

1. <u>Subject Offense</u>. Defendant will plead guilty to Count 2 of the Indictment, Count 2 charges a violation of Title 18, United States Code, Section 2113(a), that is, bank robbery or attempt to commit bank robbery.

2. <u>No Further Prosecution & dismissal of remaining Counts</u>. The United States Attorney agrees that the Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense under Title 18 United States Code, arising from or directly relating to this investigation, except for any crimes of violence. The United States Attorney further agrees to dismiss all remaining counts of the Indictment at the time of sentencing. This paragraph and this plea agreement do not apply to any criminal act occurring after the date of this agreement.

## B. CONSEQUENCES OF PLEA

3.  Statutory Penalties. Count 2 offense carries a range of punishment of up to twenty (20) years of imprisonment, a maximum fine of not more than $250,000.00, or both. In addition to the preceding penalties the Defendant would also be accessed a special assessment of $100 and a term of supervised release of up to three (3) years. If the Defendant violates any condition of supervised release following imprisonment, the Defendant may be returned to prison for all or part of the term of supervised release.

## C. SENTENCING CONSIDERATIONS

4.  Sentencing Factors--Statute or Guideline. The sentence to be imposed is solely within the Court's discretion, subject to statutory mandatory sentencing and as limited and guided by the advisory United States Sentencing Guidelines which apply to this offense. The Sentencing Guidelines establish a sentencing range based upon various factors present in the case, which include, but are not limited to the following:

   a.  whether the subject of the attempted robbery was a financial institution, with the parties stipulating that the intended subject of the conspiracy was a financial institution insured by the Federal Deposit Insurance Corporation (FDIC).

   b.  the fact that a dangerous weapon was possessed, with the parties stipulating that no dangerous weapons, i.e. firearm, were possessed by the Defendant or any other co-defendant during the attempt to rob the bank.

   c.  the Defendant's role in the offense.

   d.  the defendant's criminal history;

   e.  the defendant's acceptance or lack of acceptance of responsibility, with the parties stipulating as a recommendation to the Court, based upon information currently known to the United States that the Defendant has accepted responsibility and qualifies for a three-level reduction pursuant to U.S.S.G. § 3E1.1. Should

2

circumstances change prior to sentencing, the United States reserves the right to oppose such a reduction at the time of sentencing;

f. Both parties reserve the right to argue that additional specific offense characteristics, adjustments and departures may be appropriate;

5. No Promises. The United States Attorney makes no representations or promises as to the sentence to be imposed. Although the parties may have discussed the possibilities of various factors having an impact on the sentence and the possibility of a certain sentencing range, the parties agree that no discussion resulted in any express of implied promise or guarantee concerning the actual sentence to be imposed.

6. No Right to Withdraw Plea. The Defendant understands that the Defendant will have no right to withdraw the Defendant's plea if the sentence imposed, or the application of the United States Sentencing Guidelines is other than that which the Defendant anticipated. The parties understand the Court may defer its decision to accept the plea until there has been an opportunity to review a pre-sentence investigation report.

7. Evidence at Sentencing. The Defendant, the Defendant's attorney, and the United States Attorney may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U. S. Probation Office for use in preparing a pre-sentence report. The parties agree that either party may present evidence by way of telephone or

deposition transcript, and to this extent Defendant agrees to waive any right to face-to-face confrontation at the sentencing hearing.

8. Fines/Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

9. Special Assessment. The Defendant agrees to pay to the United States a special assessment of $100 as required by Title 18, United States Code, § 3013. The Defendant agrees to make such payment (by cashiers check or money order payable to "Clerk, U. S. District Court") to the U.S. Clerk of Court within two weeks (14 days) of the execution of this agreement or by the time of the entry of guilty plea, whichever first occurs. This is a material condition of this agreement.

## D. COOPERATION

10. Full Cooperation. The defendant agrees to fully cooperate with the government in its investigation of criminal matters within the Southern District of Iowa and elsewhere, and will provide complete and truthful information to the attorneys and law enforcement officers of the government. The Defendant agrees to answer all questions concerning any criminal matters of which Defendant has knowledge, and Defendant will not withhold any information. The Defendant will neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person or entity. The Defendant will not take any action which would obstruct, impede, interfere with, inhibit or disclose the pending investigation.

11. Immediate Debriefing. The Defendant agrees to be immediately debriefed by law enforcement after entry of his plea.

12. <u>Financial Statement</u>. The Defendant agrees to fully and truthfully complete a financial statement, and provide the U.S. Attorney's Office with any information or documentation in the Defendant's possession or control regarding the Defendant's financial affairs.

13. <u>Truthful Testimony</u>. The United States insists upon the Defendant telling the truth at all times, whether it be during this investigation or as a witness at trial, and regardless of who asks the questions (the prosecutor, the law enforcement agent, the judge, or the defense attorney). In the event the Defendant should be called as a witness, the Defendant's failure to provide truthful information will render this agreement voidable at the sole discretion of the United States, and will subject the Defendant to a prosecution for perjury which is punishable by a fine of not more than $250,000.00 and a term of imprisonment of not more than five years, or both.

14. <u>Debriefing -- Limitation of Use.</u> Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees not to use against defendant any self-incriminating information provided by the defendant in debriefing. This paragraph notwithstanding, the Government may use against the Defendant any statements made by Defendant prior to the parties entering into this agreement or prior proffer agreement. Further, as provided below, the Government may use against Defendant statements made by Defendant under this plea agreement:

    a. if the Defendant admits conduct in interview or debriefing and then denies the same or presents evidence to the contrary at any hearing subsequent to the signing of this plea agreement; or,

5

b. to the extent as provided for in the following paragraph "Breach–Use of Information".

15. Breach -- Use of Information. If the Defendant breaches the terms and conditions of this agreement, the Government is free to use against the Defendant any statement given by the Defendant in debriefings or during testimony. Such statements or testimony may be used against the Defendant in any criminal prosecution, including but not necessarily limited to prosecutions of the instant offense, perjury, obstruction of justice, or other applicable criminal prosecution.

16. Effect of a Law Violation. Any violation of law or any violation of pretrial release conditions committed by the Defendant will render this agreement voidable at the sole discretion of the United States.

17. Polygraph Examination. Defendant agrees to submit to a polygraph examination at the discretion of the Government. The polygraph examination shall be at the Government's expense, and shall be performed by a polygraph examiner of the Government's choice.

18. Access to Defendant Upon Entry Into Plea Agreement. From and after the date of the parties entry into this plea agreement, defendant is available to perform the cooperation provided by this plea agreement without the government first notifying and receiving authorization from Defendant's attorney. Attorneys and investigators for the government have standing authority to request Defendant to provide cooperation required by this agreement. Should Defendant elect to speak to anyone other than Government attorneys and investigators about the information known to Defendant regarding crimes, Defendant shall, prior to discussing such information with such other person, give notice to government investigators or attorneys a reasonable time in advance of such discussion to allow representatives of the government to be

6

present for such discussion. The government requests to be present for any such discussions, should they occur.

## E. SUBSTANTIAL ASSISTANCE

19. <u>Government Motion</u>. At the sole discretion of the United States Attorney regarding the making of a motion, and upon motion by the United States Attorney stating that the Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the Court may depart from Guidelines. Defendant understands that the mere fact that she may provide information to the Government does not necessarily mean that the United States Attorney automatically will make a substantial assistance motion. Additionally, any substantial assistance reduction already received by the Defendant will be taken into account in determining the amount of any additional reduction.

20. <u>Amount of Reduction</u>. The appropriate reduction, if any, shall be determined by the Court for reasons stated that may include, but are not limited to, consideration of the following:

   a. the Court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the Government's evaluation of the assistance rendered;

   b. the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

   c. the nature and extent of the defendant's assistance;

   d. any injury suffered, or any danger or risk of injury to the defendant or his family resulting from defendant's assistance;

   e. the timeliness of the defendant's assistance;

   f. any benefit the defendant may have received under the terms of the plea agreement;

g. any obstruction of justice, or attempted interference with, or disclosure of the investigation by defendant, whether before or after entering into this plea agreement.

### F. Limited Waiver of Appeal and § 2255

21. <u>Limited Waiver of Appeal Rights</u>. The Defendant hereby knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges or to the Court's entry of Judgment against Defendant, and any and all issues inhering therein, **except** for the following:

   a. Review pursuant to 18 U.S.C. § 3742(a)(X) of any sentence imposed in connection with the conviction resulting from this agreement.

   b. The right to timely challenge Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the substantive basis of Defendant's plea of guilty and resulting conviction fails to state a crime upon which Defendant could be convicted.

22. <u>Limited Waiver of Post-Conviction Review</u>. The Defendant further knowingly and expressly waives any and all rights to contest his conviction of the subject charges in any post-conviction proceedings, including any proceedings under Title 28 U.S.C. § 2255, **except** the right to seek post-conviction relief based on grounds of ineffective assistance of counsel and/or prosecutorial misconduct, if the grounds for such a claim are not known to the Defendant, or not reasonably knowable by the Defendant, at the time the Defendant enters a plea pursuant to this plea agreement.

### G. GENERAL MATTERS

23. <u>Waiver of Trial Rights</u> Defendant understands that this guilty plea waives the right to:

8

  a. continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

  b. a speedy and public trial by jury, which must unanimously find the defendant guilty before there can be a conviction;

  c. the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if defendant cannot afford to hire an attorney;

  d. confront and cross-examine adverse witnesses;

  e. present evidence and to have witnesses testify on behalf of defendant, including having the court issue subpoenas to compel witnesses to testify on the defendant's behalf;

  f. not testify or have any adverse inferences drawn from the failure to testify (although defendant also has the right to testify, if defendant so chooses); and

  g. if defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if defendant cannot afford to hire an attorney.

24.  <u>Consultation with Attorney.</u> Defendant has discussed this case and this plea with defendant's attorney and states that the following is true:

  a. Defendant states he is satisfied with the representation provided by defendant's attorney.

  b. Defendant has no complaint about the time or attention defendant's attorney has devoted to this case nor the advice the attorney has given.

  c. Although defendant's attorney has given defendant advice on this guilty plea, the decision to plead guilty is defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of defendant's attorney, and with a full understanding of defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

25.  <u>Voluntariness of Plea.</u> The Defendant acknowledges that the Defendant is entering into this plea agreement and is pleading guilty because the Defendant is guilty. The

9

Defendant further acknowledges that the Defendant is entering into this agreement without reliance upon any discussions between the United States Attorney and the Defendant (other than those described in this plea agreement), without promise of benefit of any kind (other than any concessions contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. The Defendant further acknowledges that he understands the nature of the offenses to which the Defendant is pleading guilty, including the penalties provided by law.

26. <u>Limited Scope of Agreement</u>. This agreement does not limit, in any way, the right or ability of the United States Attorney to investigate or prosecute the Defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the United States Attorney from pursuing any civil or administrative matters against the Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based. This plea agreement binds only the parties hereto. It does not bind any prosecuting authority other than the United States Attorney for the Southern District of Iowa.

27. <u>Entire Agreement</u>. This plea agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the Defendant by the United States or by its agents.

28. <u>Factual Stipulations</u>. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the Defendant's offense conduct relating to each subject offense.

29. <u>Venue</u>. Defendant agrees that the offense conduct relating to the subject offenses were committed, in whole or in part, in the Southern District of Iowa, and that the U. S. District Court, Southern District of Iowa, has proper venue of this agreement.

30. <u>Public Interest</u>. The United States Attorney and Defendant state this plea agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31.   Execution/Effective Date.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives).

**The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.**

_12/28/06_
Date

DENNIS EUGENE KIMBALL
Defendant

_1/23/07_
Date

Maria Rutenberg
Attorney for the Defendant

Matthew G. Whitaker
United States Attorney

_1/23/07_
Date

By: _____
CLIFF WENDEL
Assistant United States Attorney
U. S. Courthouse Annex, 2nd Floor
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 284-6284
Fax: (515) 284-6281
Email: cliff.wendel@usdoj.gov

12

Attachment "A"

STIPULATION OF FACTS

1. On February 7, 2006 the Defendant agreed with one or more other persons, including but not limited to William Lloyd Bugely, Gary Lee Mason, and Buffy Marie Decorah-Garvin, to participate in the robbery of The First Bank located at 3401 SW 9th Street, Des Moines, Iowa.

2. Pursuant to the agreement William Bugely was to entered the bank when it first opened. However, Bugely returned to the vehicle where the Defendant and remaining co-conspirators were waiting. The Defendant requested that Bugely return to the bank and finish the robbery. Bugely returned to the bank a few minutes later carrying a duffle bag and a piece of paper, finding the doors to the bank lock Bugely left, leaving the area on foot.

3. The police were called in relation to an attempted bank robbery and the car in which the Defendant, Mason and Bugely were found was stopped a few minutes later. Bugely was found in the back seat of the car with a note which stated "this is a robbery, be quite, 10s 20s and 50s only, no one gets hurt", a pull over stocking cap and a duffle bag.

4. The Defendant was the driver of the car and Gary Lee Mason was the front seat passenger. After being arrested all three suspects were interviewed. Bugely admitted that it was an attempt to rob the bank and that the Defendant and Garvin were involved. Mason admitted that it was an attempted bank robbery and that the Defendant was in charge.

12/28/06
Date

_____
DENNIS EUGENE KIMBALL
Defendant

1/23/07
Date

_____
Maria Rutenberg
Attorney for the Defendant

13