**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | No. 4: 06-cr-158 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **DENNIS EUGENE KIMBALL,** | ) | **DEFENDANT'S** |
| | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Defendant. | ) | |

_____

COMES NOW the defendant, Dennis Kimball, by and through the undersigned counsel, and offers the following memorandum of authorities in support of his sentencing position:

Introduction

The defendant, Dennis Kimball, was indicted for Conspiracy to Commit Bank Robbery and Bank Robbery. The defendant pled guilty to Bank Robbery, admitting that he did plan and attempt to rob a bank along with three other individuals: William Bugely, Buffy Decorah-Garvin, and Gary Mason. All four individuals agreed to rob the bank. The plan was thwarted; however, because the bank employees caught on to what was going on and locked the door of the bank after Bugely entered once, acted suspicious, left the bank and tried to enter again. Police later stopped the car that they were riding in. All four were charged with Bank Robbery.

The presentence investigation report's calculation of the sentencing guidelines states that the base offense level is 20 and puts the defendant's offense level at 28 with acceptance of

1

responsibility and increases for specific offense characteristics and role adjustment. With the defendant's criminal history category or V, the sentencing range would be 130-162 months.

The defendant has objected to most of the offense level increases beyond the base offense level. The defendant objects to increases for (1) possessing a dangerous weapon in furtherance of the crime, (2) abducting a person to facilitate the crime; and (3) being a leader or an organizer.

The defendant does not object to the increase in 2 levels because the object of the crime was taking money from a financial institution. Therefore, the defendant contends that the appropriate offense level is 19 (with acceptance of responsibility) and a range of 57-71 months.

### Increase for Possessing or Brandishing a Weapon

This presentence investigation report states that following Kimball's arrest, a knife was found in the console of the vehicle. Because of this, the report adds three levels to the base offense level for possessing or brandishing a weapon during the course of the robbery pursuant to section 2B3.1(b)(2(E). This guideline; however, does not apply to Kimball. The knife was not used, brandished, or possessed as part of the plan to rob the bank. In order for that guideline to apply, the possession of the weapon must be in furtherance of the criminal activity. In this case; there is no suggestion that Bugely had possession of that knife when he attempted to rob the bank. There is no evidence that the knife was to be used in any way associated with the bank robbery. *See United States v. Roberts*, 253 F.3d 1131, 1136-37 (8th Cir. 2001). The knife in this case was found in the console of the vehicle and was not placed there for use during the robbery. The enhancement for possession of the knife therefore is not applicable to this case.

### Increase for Abduction

The presentence investigation report also increases the offense level by four points for

abducting a person to facilitate the offense. This is based on allegations made by Bugely that he was forced to commit the robbery by others involved. The evidence does not support such an allegation. The statements given to the police by the other defendants indicate that Bugely was a willing participant in the robbery. In addition, he had many opportunities to decline to participate, yet he chose to continue. The guidelines define "abduction" to mean that "the victim was forced to accompany an offender to a different location." U.S.S.G. § 1B1.1, Application note 1; *see also United States v. Elkins*, 16 F.3d 952, 953 (8th Cir. 1994). Bugely was not forced to participate. He could have left at any time. This increase therefore does not apply in this case.

<u>Increase for Being Organizer</u>

The presentence report also increases Kimball's offense level for being an organizer. Kimball did not lead or organize this plan to rob the bank any more than any of the other participants. Bugely agreed to participate; perhaps because he felt he owed the others for his previous plan to rob Kimball and Decorah-Garvin. The guidelines state that the Court should consider the following factors when determining whether the defendant was a leader or organizer of a criminal enterprise: exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. U.S.S.G. § 3B1.1, Application n. 4. This adjustment does not apply to a defendant who merely suggests committing the offense. *Id.*

In this case, Kimball may have suggested the crime, but he did not exercise control over the others. He was not claiming right to a larger share of the fruits of the crime. He participated

equally with the others in the planning and execution of this attempt to rob the bank. Any attempt on the part of the co-defendants to state otherwise is simply an attempt to reduce their culpability in hopes of a lesser sentence themselves.

## Conclusion

For these reasons, the defendant requests the Court decline to apply these enhancements to the base offense level in this matter.

    WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, Iowa 50309
Telephone: (515) 288-6041
Fax: (515) 246-1474

By ____/s/Maria Ruhtenberg_____
ATTORNEY FOR DEFENDANT

**Certificate of Filing**

The undersigned hereby certifies that this document was filed with the district court and served upon all parties through electronic filing (CM/ECF) on the 19th day of September, 2007.

___/s/ Maria Ruhtenberg_____