✎AO 245B   (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN                        District of                        IOWA

UNITED STATES OF AMERICA                **JUDGMENT IN A CRIMINAL CASE**
**V.**

                                        Case Number:        4:06-cr-00158

Dennis Eugene Kimball                   USM Number:         07832-030

                                        Maria Ruhtenberg
                                        Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   Two

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense** | **Count** |
|---|---|---|---|
| T.18:2113(a) | Attempted Bank Robbery | 02/07/06 | Two |

    The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)   One                        ☒ is   ☐ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

                                        September 21, 2007
                                        Date of Imposition of Judgment

                                        /s/ Robert W. Pratt
                                        Signature of Judge

                                        Robert W. Pratt, Chief U.S. District Court Judge
                                        Name and Title of Judge

                                        September 21, 2007
                                        Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

|  |  |
|---|---|
| DEFENDANT: Dennis Eugene Kimball | Judgment — Page 2 of 6 |
| CASE NUMBER: 4:06-cr-00158 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

   145 months

☒ The court makes the following recommendations to the Bureau of Prisons:

   that the Defendant receive drug treatment to the maximum extent possible.

   that the Defendant be incarcerated as near the State of Iowa as is possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

                                                                          _____
                                                                          UNITED STATES MARSHAL

                                                              By _____
                                                                 DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT:      Dennis Eugene Kimball
CASE NUMBER:    4:06-cr-00158

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
    3 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☒    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B	(Rev. 06/05) Judgment in a Criminal Case
	Sheet 3A — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: Dennis Eugene Kimball
CASE NUMBER: 4:06-cr-00158

# ADDITIONAL SUPERVISED RELEASE TERMS

You shall participate in a program of testing and treatment for substance abuse, as directed by the Probation Officer, until such time as you are released from the program by the Probation Office. You shall not use alcohol and/or other intoxicants during and after the course of treatment.

You shall not patronize business establishments where more than fifty percent of the revenue is derived from the sale of alcoholic beverages.

You shall work only at employment approved by the U. S. Probation Office. You shall consult the U. S. Probation Office prior to any changes in employment. You shall not terminate any employment without prior approval from the U. S. Probation Office.

If your are not released through a community corrections center program while in the custody of the Bureau of Prisons, you shall reside, participate and follow the rules of a community corrections center program as directed by the Probation Office for up to 120 days. The community corrections center is authorized to allow you up to six hours of pass time per week, when you become eligible in accordance with the community corrections center standards.

You shall participate in and follow the rules of sex offender treatment as directed by the Probation Office, and shall submit to clinical polygraph testing whenever so directed by the Probation Office. You shall contribute to or pay the entire cost of sex offender treatment and/or polygraph testing in an amount to be determined by the Probation Office, based on your ability to pay. Sex offender assessments and treatment shall be conducted by therapists and polygraph examiners approved by the Probation Office, who shall release all reports to the Probation Office. Any results of a polygraph examination would not be used for the purpose of revocation of Supervised Release. Polygraph results will be reported by the Probation Office to appropriate treatment personnel. If disclosure is required by mandatory reporting child abuse or child sexual abuse laws, polygraph results will be reported to appropriate law enforcement and related agencies with the approval of the Court. If polygraph results reveal possible new criminal behavior this will be reported to the appropriate law enforcement and related agencies after obtaining approval from the Court.

You shall sign releases of information to allow all professionals and law enforcement officials involved in assessment, treatment, and behavioral monitoring of the offender to communicate and share documentation with each other.

You shall comply with all sex offender laws for the state in which you reside.

In order to verify your compliance with your conditions of supervision, you shall provide the probation officer access to any financial records including income tax returns, credit card statements, phone bills, and checking/savings accounts.

You shall not contact the victim, nor the victim's family without prior permission from the probation officer and the probation officer will verify compliance.

You shall participate in a program of curfew supervision and/or electronic monitoring for the duration of your term of supervision, as approved by the Court annually. For sever days each week, during such period, you shall be at your place of residence as directed by your probation officer. Your hours away from your residence will be determined based on your compliance and participation with sex offender treatment. You shall remain at your residence during the hours designated unless otherwise approved by your probation officer. You will maintain a telephone at your place of residence without call forwarding, a modem, caller ID, call waiting or portable cordless telephone for the above period. If directed by the probation officer, you shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer and pay the costs of electronic monitoring.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
         Sheet 4 — Criminal Monetary Penalties

Judgment — Page  5  of  6

DEFENDANT:      Dennis Eugene Kimball
CASE NUMBER:    4:06-cr-00158

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 0 |

☐  The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**     $ _____     $ _____

☐  Restitution amount ordered pursuant to plea _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐  the interest requirement is waived for    ☐ fine    ☐ restitution.

  ☐  the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: Dennis Eugene Kimball
CASE NUMBER: 4:06-cr-00158

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties

**A** ☒ Lump sum payment of $ 100 due immediately, balance due

☐ not later than _____ , or
☒ in accordance ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary penalty payments are to be made to the Clerk's Office, U. S. District Court, P. O. Box 9344, Des Moines, IA 50306-9344.

While on supervised release, you shall cooperate with the Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the Probation Office.

Nothing in this judgment shall be construed as a limitation on the authority of the United States to apply to the Court for a writ of garnishment subject to the approval of the Court in accordance with the Federal Debt Collection Procedure Act, 28 U.S.C. §§3301, et seq., or applicable State law, during the time period that the defendant is incarcerated or under supervision pursuant to this judgment. (See 18 U.S.C. §3664(m)).

Nothing in this judgment shall be construed as a limitation or restriction on the authority of the Bureau of Prisons to require additional payments as a condition for an assignment or for participation in any program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.