PROB 12B
(SDIA 05/15)

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF IOWA

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing, is Attached)*

**Name of Offender:** Dennis Eugene Kimball         **Case Number:** 4:06-cr-00158
                                                                    4:16-cr-00129

**Name of Sentencing Judicial Officer:** Robert W. Pratt, Senior U.S. District Judge

**Date of Original Sentence:** September 21, 2007

**Original Offense:** 18 U.S.C. §§ 2113(a) - Bank Robbery By Force Or Violence
                      18 U.S.C § 751(a) - Escape

**Original Sentence:** 145 months imprisonment, 36 months supervised release (4:06-cr-00158)
                       3 months imprisonment, 12 months supervised release (4:16-cr-00129)

**Date Current Supervision Commenced:** April 4, 2017

**Prior Modification(s)/Revocation(s):** None

## PETITIONING THE COURT

☐  To extend the term of supervision for … years, for a total term of …years.

☒  To modify the conditions of supervision as follows:

*The defendant shall participate in a program of curfew supervision for a period of up to 120 days. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. If required, the defendant shall maintain a telephone at his place of residence without "call forwarding," "call waiting," a modem, "caller ID," or "call back/call block" services for the above period. The defendant shall wear a monitoring device which may include an electronic monitoring device, a global positioning system (GPS) device, random calls, and/or voice verification, and he/she shall follow the monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the location monitoring equipment at the prevailing rate or in accordance with ability to pay.*

*The defendant shall reside, participate, and follow the rules of the residential reentry program, as directed by the U.S. Probation Officer, for up to 120 days. The residential reentry program is authorized to allow up to twenty hours of pass time per week for good conduct when the defendant becomes eligible in accordance with the residential reentry program standards.*

U.S. v. Dennis Eugene Kimball (4:06-cr-00158 & 4:16-cr-00129)                Request for Modifying Conditions of Supervision

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following conditions of supervision:

| **Violation** | **Nature of Noncompliance** |
|---|---|
| 1. Drug Use - Methamphetamine | On November 29, 2017, the offender provided a urine specimen presumptive positive for methamphetamine at the U.S. Probation Office. On December 5, 2017, the lab results came back confirming the aforementioned urine specimen positive for methamphetamine.<br><br>On December 11, 2017, the offender was contacted outside of his curfew. A consent search of the offender's person produced a methamphetamine pipe. The offender stated he last consumed methamphetamine a few days prior. |
| 2. Failure to Follow Instruction of the Probation Office | On November 28, 2017, the offender was trespassed from his ex-wife's work and residence by Detective Willis with the Des Moines Police Department. The offender was trespassed due to allegedly making threats to "knife" the ex-wife's husband and "kidnap" his ex-wife. On November 29, 2017, the offender was advised by the U.S. Probation Office that exclusion zones were setup around the aforementioned establishments and the offender was instructed not to enter the zones.<br><br>On December 3 and December 8, 2017, the U.S. Probation Office received notification that the offender entered an exclusion zone he had previously been trespassed. |
| 3. Failure to Abide by Curfew Supervision | On December 7 and December 11, 2017, the U.S. Probation Office attempted to contact the offender at Central Iowa Shelter after his curfew. The offender was not present at that time, a review of the offender's global positioning system (GPS) revealed the offender visiting various establishments after curfew. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   December 11, 2017

by: *[signature]*
Nick L. Davis
U.S. Probation Officer

---

The United States Attorney's Office:

[X] Does not object to the proposed action.

[ ] Objects but does not request a formal hearing be set.

[ ] Objects and will petition the Court requesting that a formal hearing be set.

John E. Beamer
Assistant United States Attorney

*[signature]*
Signature

---

THE COURT ORDERS:

U.S. v. Dennis Eugene Kimball (4:06-cr-00158 & 4:16-cr-00129)   Request for Modifying Conditions of Supervision

- ☐ No action.
- ☐ The extension of supervision as noted above.
- ☒ The modification of conditions as noted above.
- ☐ The issuance of a summons so a hearing can be held on _____ at _____.

_Robert W. Pratt_
Signature of Judicial Officer

December 13, 2017
Date

PROB 49
(SDIA 05/15)

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF IOWA

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

*The defendant shall participate in a program of curfew supervision for a period of up to 120 days. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. If required, the defendant shall maintain a telephone at his place of residence without "call forwarding," "call waiting," a modem, "caller ID," or "call back/call block" services for the above period. The defendant shall wear a monitoring device which may include an electronic monitoring device, a global positioning system (GPS) device, random calls, and/or voice verification, and he/she shall follow the monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the location monitoring equipment at the prevailing rate or in accordance with ability to pay.*

*The defendant shall reside, participate, and follow the rules of the residential reentry program, as directed by the U.S. Probation Officer, for up to 120 days. The residential reentry program is authorized to allow up to twenty hours of pass time per week for good conduct when the defendant becomes eligible in accordance with the residential reentry program standards.*

☐ I agree to the above modification based on the cause outlined in the attached petition.

DK ☒ I do not dispute that I have violated the conditions of my supervision, as outlined in the attached petition and agree to the modification of my conditions as outlined above.

☐ I dispute that I have violated the conditions of my supervision, as outlined in the attached petition, but I agree to the modification of my conditions as outlined above.

Witness _____       Signed _____
(U.S. Probation Officer)                          (Probationer or Supervised Releasee)

_12-12-17_
(Date)